UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

DAVI SCHWARTZBAUM, SALVACION
SCHWARTZBAUM,

                Plaintiffs,

      v.

EMIGRANT MORTGAGE COMPANY,

                Defendant.

09 Civ. 3848 (SCR)

OPINION AND ORDER

**STEPHEN C. ROBINSON, District Judge:**

    Plaintiffs Davi and Salvacion Schwartzbaum bring this action against Defendant Emigrant Mortgage Company, asserting federal claims for violations of the Truth in Lending Act (TILA) and the Home Ownership Equity Protection Act (HOEPA), as well as state law claims of unconscionability, breach of contract, breach of implied contract, unjust enrichment, breach of the duty of good faith and fair dealing, deceptive practices under N.Y. Gen. Bus. Law § 349, usury, and an injunction to expunge negative credit reports, all in connection with a home loan transaction with Defendant. Defendant made a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

    This Court referred the motion to Magistrate Judge Lisa Margaret Smith to issue a Report and Recommendation. Judge Smith issued the Report and Recommendation on April 22, 2010, recommending that Defendant's motion should be granted in part and denied in part. As Judge Smith explicitly noted at the end of the Report and

1

Recommendation, under 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(d) of the Federal Rules of Civil Procedure, the parties had a right to file written objections to the Report and Recommendation within seventeen days from April 22, 2010. Defendant was granted an extension of time and filed objections to the Report and Recommendation on May 24, 2010.

For the reasons set forth below, this Court reviews *de novo* the part of Judge Smith's Report that pertain to Plaintiffs' HOEPA claims, and reviews for clear error the rest of the Report. The Court adopts in part and rejects in part the Report and Recommendation.

## I. BACKGROUND

This Court assumes familiarity with the facts included in Judge Smith's Report and Recommendation.

## II. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous").

When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R.

2

CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).
"[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *Kirk v. Burge*, 646 F.Supp.2d 534, 538 (S.D.N.Y. 2009) (quotation omitted). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Renelique v. Doe*, No. 99-10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases). Further, district courts "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) (collecting cases).

However, in this case Judge Smith specifically invited Defendant to clarify the record concerning the applicability of HOEPA to Plaintiffs' loan in its objections to the Report and Recommendation. *See* Report and Recommendation, at 12 n. 9. Therefore, the Court will consider any additional evidence provided with respect to this claim, and will review *de novo* the applicability of HOEPA to Plaintiffs' loan.

## III. DISCUSSION

### a. Defendant's Objections

Defendant objects to Judge Smith's recommendation that the Court deny Defendant's motion to dismiss Plaintiffs' HOEPA claim because it asserts that the loan is not subject to HOEPA, under the "points and fees" test or the annual percentage rate test. Defendant also objects that Judge Smith erred in recommending that Plaintiffs' claims for breach of contract, breach of implied contract, and breach of good faith and fair dealings should survive. The Court reviews *de novo* Judge Smith's findings with respect to

3

Plaintiffs' HOEPA claim because the objection addresses a specific part of the Report and Recommendation and seeks to clarify the record, as requested by Judge Smith.

However, Defendant's objections concerning the state law claims for which Judge Smith did not recommend dismissal are merely legal arguments that should have been raised before Judge Smith. It would be improper to allow the Defendant to raise new grounds for relief and additional legal arguments not presented to Judge Smith as it undermines the efficiency gained by allowing the Court to refer matters to a magistrate and the authority of the Report and Recommendation. *See Ortiz*, 558 F.Supp.2d at 451; *see also Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992). Therefore, the Court reviews this section of the Report and Recommendation for clear error only.

### b. Plaintiffs' HOEPA Claim

Plaintiffs allege that their loan was a "high interest" loan as defined by HOEPA, or alternatively, their loan is subject to HOEPA because the financing costs exceeded 8% of the total amount funded. *See* Complaint, ¶ 52-53. Specifically, HOEPA applies to loans with an annual percentage rate at consummation of the transaction that exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or to loans in which the total points and fees payable by the consumer at or before closing will exceed the greater of 8 percent of the total loan amount or $400. *See* 15 U.S.C. §§ 1602, 1635, 1639.

"Points and fees" are defined in the Code of Federal Regulations as "[a]ll items required to be disclosed under [12 C.F.R.] § 226.4(a) and 226.4(b), except interest or the time-price differential; (ii) all compensation paid to mortgage brokers; (iii) all items listed in § 226.4(c)(7) (other than amounts held for future payment of taxes) unless the charge is reasonable, the creditor receives no direct or indirect compensation in connection with the charge, and the charge is not paid to an affiliate of the creditor; and (iv) premiums or other charges for credit life, accident, health, or loss-of-income insurance, or debt-cancellation coverage . . . that provides for cancellation of all or part of the consumer's liability in the event of the loss of life, health, or income or in the case of accident, written in connection with the credit transaction." 12 C .F.R. § 226.32(b)(1). The items referred to in § 226.4 include various finance charges.

The calculation of points and fees is a highly technical and complex exercise. In the motion to dismiss, Defendant did not adequately explain its calculations and the statutory basis for including some of the settlement charges as "points and fees" while excluding others. While Plaintiffs have not disputed or opposed Defendant's calculations at any point, Judge Smith could not assess the validity of Defendant's claim that Plaintiffs' loan is not covered by HOEPA. Defendant responded to Judge Smith's request for clarification and provided more information in its objections. Plaintiffs did not request the opportunity to respond or refute the information. The Court reviews *de novo* the applicability of HOEPA to Plaintiffs' loan with reference to the HUD-1 Settlement Statement, Exhibit G to the motion to dismiss, the Loan Application, Exhibit B, and the daily treasury yield curve rates for 2007, Exhibit F.

In a Rule 12(b)(6) motion to dismiss, the Court is limited to consideration of the complaint. The complaint is deemed to include any written instrument attached to it as an exhibit, *see* Fed. R. Civ. P. 10(c), materials incorporated in it by reference, and documents that, although not incorporated by reference, are "integral" to the complaint. *Sira v. Morton*, 380 F.3d 57, 66-67 (2d Cir. 2004); *see also Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). A document is integral to the complaint where the complaint "relies heavily upon its terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)).

In this case, the Court may rely on the HUD-1 Settlement Statement because it is integral to the Complaint. *See Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d Cir. 2000). Furthermore, the Court may refuse to accept as true allegations in the Complaint that are contradicted by this record. *Barnum v. Millbrook Care Ltd.*, 850 F.Supp. 1227, 1232-33 (S.D.N.Y. 1994), *aff'd* 43 F.3d 1458 (2d Cir. 1994). However, the Court will not consider the Plaintiffs' affidavit because it is not a document properly considered on a Rule 12(b)(6) motion as it was neither attached to the Complaint, incorporated by reference, or integral to the action. *See Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000).

In its objections, Defendant has provided a more detailed explanation for why Plaintiffs' loan is not covered by HOEPA. They begin with an explanation that the "points and fees" can be determined by subtracting from the total settlement charges the two categories of charges that are explicitly not included as "points and fees," according to 12 C.F.R. § 226.32(b)(1)—"interest or the time-price differential" and "amounts held

for future payment of taxes." A review of the HUD-1 Settlement Statement shows that Plaintiffs' total settlement charges were $14,312.77 (line 1400). Defendant subtracts from that (1) escrows for County property and school taxes equaling $831.48 and $1,912.64 respectively (lines 1004, 1006), and (2) interim interest in the amount of $657.56 (line 901). Thus, Defendant calculates that at most "points and fees" equals $10,911.09. The Court agrees that it is clear that interest and taxes do not count as "points and fees," and $10,911.09 reflects the highest amount of "points and fees" that could be construed from the loan documents.

To fall under the protections of HOEPA, the "points and fees" must exceed 8% of the total loan amount. The total loan amount is defined as the "amount financed" as calculated pursuant to 12 C.F.R. § 226.18(b), less any costs listed in § 226.32(b)(1(iii) (finance charges) and (iv) (premiums or other charges for credit life, accident, health, or loss-of-income insurance, or debt-cancellation coverage that provides for cancellation of all or part of the consumer's liability in the event of the loss of life, health, or income or in the case of accident, written in connection with the credit transaction). "Amount financed" is calculated by determining the principal loan amount, adding any amounts financed by the creditor that are not part of the finance charge (in this case, there appear to be none), and subtracting any prepaid finance charge.

In this case, Defendant assumes for the Plaintiffs' sake that all settlement charges qualify as prepaid finance charges and calculates the total loan amount as $180,000 minus $14,312.77, equaling $165,687.23.[1] The Court agrees with Defendant that since it

---

[1] Because Defendant chose to simplify the calculation in Plaintiffs' favor, they do not go through the separate steps of subtracting prepaid finance charges first, then subtracting items listed in § 226.32(b)(1)(iii) and (iv). Instead, Emigrant assumes that all the settlement charges would be deducted to determine the total loan amount, which reflects the lowest possible loan amount.

7

may be disputed how much of the total settlement charge counts as prepaid finance charges, it is appropriate in a motion to dismiss to construe the facts in favor of the Plaintiffs by subtracting the full amount.

The "points and fees" when calculated at $10,911.09 represent only 6.59% of the total loan amount for the subject loan, falling short of the 8% threshold established by HOEPA. Therefore, under Defendant's calculations Plaintiffs' loan is not subject to HOEPA. Plaintiffs did not dispute this assertion in their opposition to Defendant's motion to dismiss, nor did they refute the more in-depth calculation provided in Defendant's objections to the Report and Recommendation.

The subject loan may also be covered by HOEPA if the "annual percentage rate at consummation will exceed by more than 10 percentage points for first-lien loans . . . the yield on Treasury securities having comparable periods of maturity to the loan maturity as of the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor." 12 C.F.R. § 226.32(a)(1)(i). Defendant claims the relevant Treasury security yield should be measured from the date the loan application was received by Emigrant on January 18, 2008. The yield as of December 17, 2007 for securities with thirty year maturity periods was 4.62%. *See* Exhibit F. To be considered "high-cost" under HOEPA, the subject loan's annual percentage rate at consummation would have to exceed 14.62% (4.62% plus 10%).[2] However, the Federal Truth-in-Lending Disclosure Statement shows that the annual percentage rate on Plaintiffs' loan as calculated in accordance with 15 U.S.C. § 1601, et seq., and applicable regulations only equals 9.569%. *See* Exhibit A. Therefore, under the annual percentage rate test, Plaintiffs' loan is not subject to HOEPA.

---

[2] Defendant mistakenly added only 8% in the objections. Presumably, this was simply a typo.

8

Plaintiffs rely solely on a bald assertion in the Complaint that the loan is subject to HOEPA because the interest rate is more than 10% above the relevant Treasury yield, or alternatively the financing costs exceeded 8% of the total amount funded. While on a motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must draw all inferences from the allegations in the plaintiffs' favor, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), the Court may refuse to accept as true allegations in the complaint that are contradicted by this record. *Barnum v. Millbrook Care Ltd.*, 850 F.Supp. 1227, 1232-33 (S.D.N.Y. 1994), *aff'd* 43 F.3d 1458 (2d Cir. 1994) (concerning a Rule 12(b)(6) motion). Since the record contradicts Plaintiffs' allegation that HOEPA applies to the subject loan, the Court grants Defendant's motion to dismiss Plaintiffs' HOEPA claims.

### c. State Law Claims

Defendant objects to the Judge Smith's findings on Plaintiffs' state law claims on the basis that (1) Plaintiffs failed to allege the elements of a breach of contract action; (2) Plaintiffs failed to allege that the default interest rate was substantively unconscionable, because as Magistrate Judge found, New York's usury laws do not apply to default interest rates and so the default rate Defendant imposed was legally acceptable; (3) Plaintiffs have not alleged fraud to overcome to the presumption that one who signs or accepts a written contract knows its contents and assents to them; (4) to the extent that Plaintiffs' claims of breach of implied contract and breach of good faith and fair dealing are based on the theory that the default rate was unconscionable and void, they should also be dismissed.

The points made by the Defendant's objections represent new legal arguments that could have been raised before Judge Smith but were not included in Defendant's moving papers. Since the objections to a Report and Recommendation are not the proper vehicle for presenting new legal arguments, the Court will review Judge Smith's findings for clear error only. *See, e.g., Gonzalez v. Garvin*, No. 99-11062, 2002 WL 655164, *1-2 (S.D.N.Y. Apr. 19, 2002) ("To consider new legal arguments at this point would undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments") (quotation omitted).

Judge Smith recommended that Defendant's motion to dismiss be denied with respect to Plaintiffs' state law claim of unconscionability because Plaintiffs have made allegations sufficient to state a claim of unconscionability. Since a determination of unconscionability requires a fact-specific inquiry, it does not lend itself to a Rule 12(b)(6) ruling that addresses the sufficiency of the pleadings. Judge Smith found it unavailing that default interest rates are not covered by New York usury laws because there are still plausible factual scenarios in which an otherwise legal interest rate would be unconscionable with respect to the Plaintiffs in this case. The determination involves factual findings of the both the procedural and substantive elements of unconscionability. *See, e.g., Ng v. HSBC Mortgage Corp.*, No. 07-434, 2010 WL 889256, *19 (E.D.N.Y. Mar. 10, 2010). To find procedural unconscionability, the Court will consider *inter alia* the use of deception, fine print, and high-pressure tactics. *Id.* For substantive unconscionability, the Court will consider "whether the substance or content of the transaction was 'unreasonably favorable' to one party such that it becomes oppressive or

unfairly surprising." *Id.* (citing *Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 10-14; *Christian v. Christian*, 42 N.Y.2d 63, 72-73).

Judge Smith properly found that it would be too hasty to dismiss Plaintiffs' unconscionability claim and the other state law claims flowing from a finding of unconscionability on the pleadings alone. Since Defendant provided no other grounds for dismissing Plaintiffs state law claims of breach of contract, breach of implied contract, and breach of implied duty of good faith and fair dealing in its moving papers, the Court finds no clear error in Judge Smith's recommendation that Defendant's motion to dismiss be denied. The Court adopts Judge Smith's recommendation that Plaintiffs be permitted to proceed on those claims, while dismissing Plaintiffs' claims of usury and unjust enrichment.

## IV.   CONCLUSION

After reviewing *de novo* Plaintiffs' HOEPA claims, the Court finds that Plaintiffs provide no basis for alleging violations of HOEPA. The loan documents demonstrate that the loan does not qualify as a high-cost under HOEPA. The Court rejects Judge Smith's Report on this point, and dismisses Plaintiffs' HOEPA claims in their entirety.

The Court reviews Judge Smith's Report and Recommendation as it pertains to Plaintiffs' state law claims for clear error. The Court finds that there was no clear error in Judge Smith's recommendation that the Court deny Defendant's motion to dismiss the state law claims of unconscionability, breach of contract, breach of implied contract, breach of duty of good faith and fair dealing, and deceptive practices under N.Y. Gen. Bus. Law § 349. Judge Smith properly recommended the dismissal of Plaintiffs' claims of unjust enrichment and usury. The Court adopts Judge Smith's Report and

11

Recommendation as to these state law causes of action. The Clerk of the Court is directed to term docket number 4.

It is So Ordered.

Dated: White Plains, New York

_June 16_, 2010

_____
Stephen C. Robinson, U.S.D.J.