UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                                    :
DAVI SCHWARTZBAUM and SALVACION                     :
SCHWARTZBAUM,                                        :            09 Civ. 3848 (PAE)
                                                    :
                              Plaintiffs,            :            OPINION & ORDER
                                                    :
                  -v-                               :
                                                    :
EMIGRANT MORTGAGE COMPANY,                           :
                                                    :
                              Defendant.             :
                                                    :
-----------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Plaintiffs Davi and Salvacion Schwartzbaum bring suit against Defendant Emigrant

Mortgage Company ("Emigrant"), challenging Emigrant's disclosures on its Truth-in-Lending

Disclosure Statement ("TILDS").  Emigrant now moves for summary judgment based on the

remaining two issues in this case: whether Emigrant failed (1) to properly disclose the "amount

financed," "finance charge" and "annual percentage rate" to plaintiffs on the TILDS or (2) to

deliver two copies of the Notice of Right to Cancel to each plaintiff, as required by the Truth in

Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and implementing Regulation Z, 12 C.F.R. §§

226 *et seq.*  For the reasons that follow, Emigrant's motion is granted.

## I.      Background[1]

In January 2008, the Schwartzbaums applied for a refinance loan of $180,000 from Emigrant, to pay for repairs on their house in Nanuet, New York.  Def. 56.1 ¶¶ 7, 10.  On February 13, 2008, the Schwartzbaums closed on the mortgage agreement with Emigrant.  *Id.* ¶ 13.  The final note evidencing indebtedness ("Note") signed by the Schwartzbaums was for a 30-year adjustable rate mortgage of $180,000, with an initial interest rate of 11.625% and subject to a default interest rate of 18%.  *Id.* ¶ 14; Flickinger Decl. Exs. E, F.  In addition to the Note, the Schwartzbaums signed (1) a Notice of Right to Cancel, in which they acknowledged receipt of two copies of that document, and (2) the TILDS, which disclosed the amount financed, finance charge, and annual percentage rate, as required by TILA.  *Id.* ¶¶ 14, 16; TILDS.

The Schwartzbaums began making monthly payments on April 1, 2008.  Compl. ¶ 30; *see* TILDS.  However, by October 2008, the Schwartzbaums became unable to timely make those payments.  Compl. ¶ 31.

On April 16, 2009, the Schwartzbaums filed this lawsuit.  Dkt. 1.  Their 10-count Complaint alleged, *inter alia*, that they had not received adequate notice of their right to cancel the loan transaction, as required by TILA, Compl. ¶¶ 27, 43; that Emigrant failed to properly

---

[1] The Court's account of the allegations and facts of this case is drawn from the Complaint ("Compl."), Dkt. 1; Emigrant's Local Rule 56.1 Statements of Material Facts ("Def. 56.1"), Dkt. 52; and the Declaration of Kenneth J. Flickinger ("Flickinger Decl."), Dkt. 55, and the exhibits attached thereto, including the TILDS (Ex. I).  Where facts stated in a party's Statement of Material Facts are supported by testimonial or documentary evidence, and denied by a conclusory statement by the other party without citation to conflicting testimonial or documentary evidence, the Court finds such facts to be true.  *See* S.D.N.Y. Local Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *id.* at 56.1(d) ("Each statement by the movant or opponent . . . controverting any statement of material fact[ ] must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).").

disclose the "amount financed," "finance charge," and "annual percentage rate" to plaintiffs on the TILDS, *id.* ¶ 43; that they were entitled to, but did not receive, the disclosures required by the Home Ownership Equity Protection Act ("HOEPA"), 14 U.S.C. §§ 1639 *et seq.*, Compl. ¶¶ 27, 54; and that they did not understand the default interest rider to the subject loan documents, *id.* ¶ 25. In addition to their TILA and HOEPA claims, the Schwartzbaums brought claims under the New York State Deceptive Business Practices Act (General Business Law § 349), as well as common law claims of unjust enrichment, usury, unconscionability, and breach of the implied covenant of good faith and fair dealing. *Id.* ¶ 10.[2]

On May 29, 2009, Emigrant moved to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 4. On June 16, 2010, the Honorable Stephen C. Robinson, to whom this case was then assigned, granted in part Emigrant's motion to dismiss, adopting in part the Report and Recommendation of Hon. Magistrate Judge Lisa Margaret Smith (Dkt. 19). Dkt. 25. Specifically, Judge Robinson dismissed Counts Two, Six, and Nine, which alleged violations of HOEPA, unjust enrichment, and usury, respectively. *Id.* at 11. On October 7, 2011, the case was reassigned to this Court.

On July 23, 2012, the Schwartzbaums agreed to voluntarily dismiss with prejudice all remaining claims except for Count One. Dkt. 57. That Count seeks an extended right of

---

[2] Count One alleges violations of TILA and Regulation Z's disclosure requirements; Count Two alleges HOEPA violations for failure to disclose; Count Three alleges that the terms of the Default Interest Rider are unconscionable; Count Four alleges breach of contract for charging the Schwartzbaums an interest rate above that allowable by law; Count Five alleges breach of an implied agreement by Emigrant not to charge an excessive or unconscionable interest rate; Count Six alleges unjust enrichment for charging an unconscionable default interest rate; Count Seven alleges breach of duty of good faith by charging that rate; Count Eight alleges a violation of the New York Deceptive Practices Act for misrepresenting the nature of the loan; Count Nine alleges usury based on the default interest rate; and Count Ten alleges that but for Emigrant withholding a portion of the proceeds in escrow, the Schwartzbaums would not have defaulted, and seeks injunctive and compensatory relief, including an injunction to expunge negative credit reports. Compl. ¶¶ 41–94.

rescission for violations of TILA and Regulation Z, pursuant to 12 C.F.R. § 226.23(a)(3).  It

alleges that Emigrant violated TILA and Regulation Z by: (1) failing to deliver to them two

copies of the Notice of the Right to Cancel as required by 12 C.F.R. § 226.23(b)(1); (2) failing to

disclose properly and accurately the amount financed, pursuant to 15 U.S.C. § 1638(a)(2)(A) and

12 C.F.R. § 226.18(b); (3) failing to disclose properly and accurately the finance charge,

pursuant to 15 U.S.C. § 1638(a)(3) and 12 C.F.R. §§ 226.4, 226.18(d); (4) failing to disclose

properly and accurately the annual percentage rate, pursuant to 15 U.S.C. § 1638(a)(4) and 12

C.F.R. § 226.18(e); and (5) failing to disclose properly and accurately all escrow agreements.

Compl. ¶ 43.

On July 20, 2012, Emigrant moved for summary judgment on Count One.  Dkt. 52.  On

August 27, 2012, after the Court granted the plaintiffs an extension of their time to respond,

plaintiffs filed their opposition to the motion for summary judgment.  Dkt. 59.  On September 10,

2012, Emigrant filed its reply.  Dkt. 61.

## II.     Discussion

### A.     Legal Standard

To prevail on a motion for summary judgment, the movant must "show [ ] that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).  The movant bears the burden of demonstrating the absence of a

question of material fact.  In making this determination, the Court must view all facts "in the

light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).  The movant may also

discharge its burden by demonstrating, where the adversary bears the burden of proof on a claim,

that there is insufficient evidence to support the opposing party's claim. *See Celotex*, 477 U.S. at 322–23.

To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1). The Supreme Court has interpreted Rule 56(e) to mean that the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quotations omitted). The nonmoving party must "set forth concrete particulars showing that a trial is needed," *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (citations omitted), and that evidence must be "significantly probative", not "merely colorable." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A summary judgment motion must be granted where the nonmoving party "merely [] assert[s] a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)).

**B.     Analysis**

Under TILA and its implementing regulations, a consumer in a mortgage loan transaction has the right—for three days after the latter of consummation, delivery of the required notice, or delivery of all material disclosures—to rescind the transaction. *See* 15 U.S.C. § 1635; 12 C.F.R. § 226.23(a)(3). However, if either the TILA-required Notice of the Right to Cancel, or the TILA-required material disclosures are not delivered, "the right to rescind shall expire three years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." *Id.* The material disclosures required by TILA are:

"the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2)."  12 C.F.R. § 226.23 n.48.

Count One seeks an extended, three-year right of rescission pursuant to TILA, on two independent grounds.  First, it asserts that Emigrant failed to "deliver to plaintiff . . . two copies for each plaintiff of a Notice of Right to Cancel."  But that claim has since been abandoned:  In their brief in opposition to summary judgment, the Schwartzbaums stated that "[a]s to the first portion of plaintiffs' first cause as that claim relates to the propriety and adequacy of the notice of right to cancel, plaintiffs[] will not pursue that part of [their] cause of action."  Pl. Br. n.1.[3]

Alternatively, Count One alleges, Emigrant failed to properly and accurately disclose the annual percentage rate, the amount financed, and the finance charge.  The Schwartzbaums had the opportunity in discovery to attempt to establish that one or more of these components was inaccurately or improperly disclosed.  The Schwartzbaums, however, fail to point to any specific inaccuracy, impropriety, or discrepancy on the TILDS furnished to them.  Instead, they merely argue that summary judgment should be denied because they "have properly raised the issue of whether defendant served them a proper Disclosure Statement as required by TILA and Regulation Z" and Emigrant has failed "to address the issue of the adequacy of the Disclosure Statement."  Pl. Br. 4.

That argument is unavailing.  It is insufficient at summary judgment for a plaintiff to assert that he or she has merely raised an issue.  Rather, because the Schwartzbaums carry the

---

[3] Count One also faulted Emigrant for failing to disclose "all escrow agreements," but the TILA extended right of rescission is not triggered by non-disclosure of such agreements.  Nor do the Schwartzbaums address the issue of disclosure of escrow agreements at all in their opposition brief.  As such, the Court considers this portion of the claim withdrawn, or, alternatively, irrelevant to its decision of the present motion.

burden of proof at trial, to survive summary judgment, they must adduce *facts* that would permit

a reasonable jury to find that Emigrant inaccurately disclosed the annual percentage rate, amount

financed, and/or the finance charge.  *See Celotex*, 477 U.S. at 323 ("[A] complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial.").  The Schwartzbaums have not done so here.  They state that "the amount of

'annual percentage rate' and 'finance charge' found on the Disclosure Statement . . . were

inaccurate and therefore insufficient to meet the notice requirements under TILA and Regulation

Z," Pl. Br. 3, but they have not explained why any of this data was inaccurate, let alone pointed

to any evidence on which a factfinder could find such an inaccuracy in their sparse, three-page

opposition brief.

Moreover, as Emigrant notes, Def. Reply Br. 3, the Schwartzbaums have appended to

their opposition brief a copy of the TILDS that they signed at the time of the mortgage's closing.

Pl. Br. Ex. B.  It is identical to the copy attached to Emigrant's motion for summary judgment,

Flickinger Decl. Ex. I.  There is thus no evident dispute as to what information was provided to

the Schwartzbaums on the TILDS.  Further, the TILDS on its face contains each type of

information required by Regulation Z.  To survive summary judgment, the Schwartzbaums

therefore must identify some specific inaccuracy or deficiency contained in the TILDS.  This

they have not done.  Instead, they have merely made conclusory statements to the effect that

Emigrants' TILA disclosures were improper and inaccurate, without saying how or why.

In contrast, Emigrant, in moving for summary judgment, came forward with evidence

that it made, accurately and properly, all the necessary disclosures on the TILDS, and that it

presented the TILDS to the Schwartzbaums, who signed it at closing. Flickinger Decl. Ex. I.[4] In their opposition brief, the Schwartzbaums did not counter this showing. In its reply brief, Emigrant properly notes the absence of any evidence contradicting its showing. Def. Reply Br. 2–4. Summary judgment, therefore, is properly granted for Emigrant.[5]

## CONCLUSION

For the reasons stated above, Emigrant's motion for summary judgment is granted. The Clerk of Court is directed to terminate the motion pending at docket number 52, and to close this case.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: December 13, 2012
     New York, New York

---

[4] Emigrant was under no obligation to do so: Where the nonmoving party has not shown any evidence to support its claims, the moving party need not "support its motion with affidavits or other similar materials *negating* the opponent's claim;" it is sufficient to simply point to the lack of evidence. *Celotex*, 477 U.S. at 323.

[5] The Court has independently reviewed the TILDS, but it has not found any evident inaccuracy. At first blush, there is an apparent discrepancy between the amount financed ($173,653.11) on the TILDS and the principal amount ($180,000) on the Note. But this discrepancy is explained in light of the method of calculation for these two figures required by Regulation Z. Under 12 C.F.R. § 226.18(b), the amount financed can be calculated by subtracting from the principal loan amount any prepaid finance charges. Here, the prepaid finance charges, as disclosed by the Itemization of the Amount Financed, come to $6,346.89. That is exactly the difference between the disclosed principal amount of $180,000 and the disclosed amount financed of $173,653.11.